(April 22, 1980)

■ In the Matter of ROBERT KERWICK, as Assessor of the Town of Hardenburg, et al., Appellants, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent.—Motion for permission to appeal to the Court of Appeals from order entered February 20, 1980, which order modified the judgment entered July 14, 1978 by dismissing the petition as moot. Motion granted, without costs. Kane, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.

■ SNYDER CONSTRUCTION COMPANY, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 62762.)—Motion for permission to appeal to the Court of Appeals granted, without costs. No issue of fact was considered by this court. Pursuant to CPLR 5713, this court certifies that the following question of law, decisive of the correctness of its determination, has arisen, which in its opinion ought to be reviewed by the Court of Appeals: "Was the order of the Court of Claims which denied appellant's motion to dismiss the claim as time barred correct as a matter of law?" Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.

(April 24, 1980)

■ In the Matter of ELAINE M. GUNDERUD, Appellant, v JOHN E. GUNDERUD, Respondent.—Appeal from an order of the Family Court of Ulster County, entered August 11, 1978, which awarded custody of the parties' three minor children to respondent. The parties have three children and petitioner moved to Texas with the youngest, a daughter then four years of age, shortly after she commenced a divorce action against respondent in June of 1977. The older children, a son born in September of 1963 and a daughter born in June of 1966, continued to live with their father in Saugerties, New York. A judgment of divorce based on respondent's counterclaim was granted in February of 1978 and the issue of custody was referred to Family Court (Family Ct Act, § 652). Following hearings on the question, at which the parties and the older children testified, custody of all three was awarded to respondent and this appeal by petitioner ensued. We conclude that the order of Family Court should be affirmed. Unlike the situation presented in *People ex rel. Selbert v Selbert* (60 AD2d 692), the parties here had not reached any agreement or understanding concerning the custody of their children. Family Court was faced with the task of determining their best long-term interest in the absence of any established parental arrangement or prior judicial decision on the subject. Its decision reflects that careful attention was paid to all relevant factors and we cannot say that discretion was abused in awarding custody to respondent. We note that neither parent was found to be unfit or, for that matter, more fit to provide for the children. The lifestyle of the younger daughter was not examined and the older siblings expressed a preference to remain with their father. With the choice so evenly balanced, Family Court accorded that consideration the weight it was due and properly took into account the familial stability and companionship that would be advanced by keeping the children together (cf. *Matter of Ebert v Ebert*, 38 NY2d 700; *Obey v Degling*, 37 NY2d 768). Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.

■ ARTHUR PLUMADORE et al., Respondents-Appellants, v STATE OF NEW

York, Appellant-Respondent. (Claim No. 58639.)—Cross appeals from a judgment in favor of claimant Delilah Plumadore, entered February 9, 1978, upon a decision of the Court of Claims. Claimant Delilah Plumadore has been awarded the sum of $40,000 for the false imprisonment, negligence and malpractice of the State of New York arising out of her commitment to St. Lawrence State Hospital. The derivative claim of her husband has been dismissed. In our view, the judgment should be affirmed. On May 13, 1974, Mrs. Plumadore was admitted to the Saranac Lake General Hospital under the care of Dr. James Stover for treatment of a gallbladder condition. Her medical history revealed incidents of epigastric distress, as well as emotional problems founded in marital difficulties which, in 1967 and 1968, had precipitated suicide attempts. Following a series of tests and consultations, including one with Dr. John Murphy, a psychiatrist who had examined her, she was advised by an attending surgeon, Dr. Gould, that she would undergo surgery to remove her gallbladder. However, later that same day, Dr. Stover appeared in her room and directed her to dress and pack since he had arranged to have her admitted to the St. Lawrence State Hospital at Ogdensburg. Thereafter, two uniformed State Troopers handcuffed her, strapped her in the back seat of a troop car and, accompanied by a female hospital employee, transported her to the State hospital. Upon arrival, the admitting officer, Dr. Warren Harris, immediately recognized that Dr. Stover lacked the requisite authority to order her involuntary commitment. He requested Mrs. Plumadore to sign a voluntary admission form. She not only refused, but protested her presence there. Nevertheless, her complaints were ignored, and Dr. Harris assigned her to a ward without a proper physical or psychiatric examination and without contacting her family or Dr. Stover. The record of her admission reflects that her status was "informal", i.e., voluntary, but it plainly was not. She remained in the hospital from Friday afternoon until late in the afternoon of Monday, May 20, 1974, when she was released in the company of a friend for medical attention at a hospital in Burlington, Vermont. The demeaning experiences she endured while confined in a ward for mental patients and the indignities inflicted upon her need not be repeated here. It is enough to say that for one acutely medically ill the episode certainly justified an award in money damages for false imprisonment, together with a further sum for the residual effects thereof attributable solely to the negligence of the State's agents. The illegality of her confinement was accurately detected on her arrival at the St. Lawrence State Hospital since the designation of the examining physician was by one without authority to make the designation. The process was void and the State should be held liable for her ensuing detention (Warner v State of New York, 297 NY 395; Wood v State of New York, 28 AD2d 643). Nuernberger v State of New York (41 NY2d 111) and Middleton v State of New York (54 AD2d 450, affd 43 NY2d 678) might provide a basis for relieving the State from Liability for the actions of the State Troopers, but these authorities are clearly distinguishable from the case at bar and cannot serve to excuse the subsequent acts of the personnel at the State hospital. Moreover, in this case we are not dealing with the question of a mistaken diagnosis which might relieve the State from responsibility for errors of medical judgment (cf. Lauer v State of New York, 57 AD2d 673; Dennison v State of New York, 28 AD2d 608, affd 23 NY2d 996), for the record demonstrates that no proper examinations were conducted at any time to validate the commitment procedure (Warner v State of New York, supra; Wood v State of New York, supra). Lastly, while we agree claimant Arthur Plumadore did not sustain his burden of proof, we find the other arguments