■ GEORGE A. ZELLAR, Individually and as Administrator of the Estate of MARIE C. ZELLAR, Deceased, Appellant, v TOMPKINS COMMUNITY HOSPITAL, INC., Respondent.—Weiss, J.

This action was commenced in 1985 to recover damages for injuries sustained by plaintiff Marie C. Zellar[1] (hereinafter Zellar) while she was a patient undergoing treatment for cancer at defendant hospital. The complaint alleges that on June 3, 1985, Zellar fell from her bed in an attempt to walk to the bathroom, resulting in fractures to her left arm in two places and dislocation of her shoulder. Plaintiffs alleged that defendant was negligent in failing to provide a bedpan at her bedside and in failing to respond when she activated a call device for assistance. Plaintiffs' bill of particulars added that defendant failed to maintain an adequate staff for patient care. Plaintiffs further declined to provide any information concerning collateral source payments on the premise that such information is only available in a medical malpractice action, not one based on negligence (see, CPLR 4545 [a]).[2] In response to defendant's motion to dismiss, Special Term determined that the allegations sound in medical malpractice, not negligence, and directed plaintiffs to serve an amended complaint without a specific monetary demand for damages (CPLR 3017 [c]) and to provide the details as to any collateral source payments.

The sole issue raised on this appeal is the proper characterization of the complaint, i.e., whether it sounds in simple negligence or medical malpractice. Generally, an action to recover for personal injuries against a hospital may be premised on either basis, depending on the nature of the conduct involved (see, Hale v State of New York, 53 AD2d 1025, lv denied 40 NY2d 804). Where the lack of due care may be discerned by the trier of fact on the basis of common knowledge, the action sounds in simple negligence; if professional skill and judgment are involved, the more particularized theory of medical malpractice applies (see, Miller v Albany Med. Center Hosp., 95 AD2d 977; Twitchell v MacKay, 78 AD2d 125, 127; Morwin v Albany Hosp., 7 AD2d 582). Plaintiffs essentially maintain that the failure of defendant's em-

1. Marie C. Zellar died prior to oral argument of this appeal. Plaintiff George A. Zellar has been appointed administrator of her estate and has been substituted for her in this action.

2. We take note that pursuant to the Laws of 1986 (ch 220, §§ 36, 46), a new subdivision (c) has been added to CPLR 4545 which, in effect, extends the collateral source rule to, inter alia, personal injury actions commenced on or after June 28, 1986.

ployees to timely respond to Zellar's calls for assistance presents a routine question for jury resolution on the basis of common everyday experience. As Special Term observed, however, response time in a hospital speaks directly to the question of patient care, which in turn, bears a substantial relationship to a patient's over-all medical treatment (see, Bleiler v Bodnar, 65 NY2d 65, 72). Hospitals are duly charged to exercise reasonable care in safeguarding a patient, and whether a breach of that duty occurs necessitates a comparison to the standard of care customarily exercised by hospitals in the community (see, Miller v Albany Med. Center Hosp., supra; p 978; Alaggia v North Shore Univ. Hosp., 92 AD2d 532; Mossman v Albany Med. Center Hosp., 34 AD2d 263, 264-265). Whether defendant's employees deviated from this standard of due care cannot be determined without a full appreciation and understanding of the operational demands and practices of a medical facility. In effect, the question is one of malpractice, calling for the production of expert testimony (see, Bamert v Central Gen. Hosp., 77 AD2d 559, affd 53 NY2d 656; Hale v State of New York, supra; cf. Coursen v New York Hosp.—Cornell Med. Center, 114 AD2d 254).

We do find, however, that plaintiffs' contention of inadequate staffing speaks to negligence (see, Bleiler v Bodnar, supra, p 73). Consequently, in amending the complaint, plaintiffs should be allowed to separately state a cause of action premised on defendant's asserted failure to adopt an adequate staffing program. In so doing, however, the proposed amended complaint should not contain a specific monetary demand for damages (see, Miller v Albany Med. Center Hosp., supra, p 979).

Order modified, on the law, without costs, by adding a provision authorizing plaintiffs to amend the complaint in accordance with the decision herein, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.