■ THOMAS SCOTT, Appellant, v MICHAEL ULJANOV et al., Respondents.—Mikoll, J.

This case involves several discrete issues: (1) did Supreme Court correctly determine that plaintiff's failure to identify the court in which the action was being brought in the original summons was a jurisdictional defect, (2) did Supreme Court correctly hold that plaintiff's first and third causes of action set forth claims based upon false imprisonment rather than negligence, thereby rendering such claims barred by the

one-year Statute of Limitations, and (3) did Supreme Court correctly decide that plaintiff's fourth cause of action sets forth a claim for medical malpractice rather than negligence, thereby rendering such claim also barred by the Statute of Limitations.

This case involves a claim for injuries sustained by plaintiff in a fall from a hospital bed on either December 14, 1983 or December 15, 1983. Plaintiff was thereafter involuntarily admitted on December 15, 1983 to the psychiatric unit of defendant United Health Services, Inc. (hereinafter UHS), where he remained until December 27, 1983 under the supervision of one of the physicians, defendant Michael Uljanov. Uljanov did not file certificates for involuntary admission which are required for confinement past a 72-hour period pursuant to Mental Hygiene Law § 9.37 (a). Thereafter, plaintiff served a summons and complaint on UHS on May 15, 1986 and on Uljanov on May 17, 1986, which alleged four causes of action: (1) that Uljanov was negligent in failing to comply with Mental Hygiene Law § 9.37 (a), (2) that Uljanov falsely imprisoned plaintiff, (3) that UHS was negligent in failing to comply with Mental Hygiene Law § 9.37 (a), and (4) that UHS was negligent in failing to supervise plaintiff and that this negligence resulted in plaintiff suffering a head injury. However, the summons and complaint failed to name the court in which the action was being brought. Defendants' answers, also with a blank caption, raised the affirmative defenses of Statute of Limitations and lack of jurisdiction. Plaintiff subsequently served a correctly captioned amended complaint on UHS on December 15, 1986 and on Uljanov on December 17, 1986. Defendants duly answered, interposing, *inter alia,* the defense of the Statute of Limitations. Defendants then moved to dismiss the complaint on the ground that the claims were barred by the Statute of Limitations, which motion was granted.

Addressing the issues at hand, we confirm Supreme Court's holding on the jurisdictional question and concur that these actions were not actually commenced until December 1986, when correctly captioned complaints were served on defendants *(see, Parker v Mack,* 61 NY2d 114; *Tamburo v P & C Food Mkts.,* 36 AD2d 1017). Plaintiff's reliance on *Tobia v Town of Rockland* (106 AD2d 827) is to no avail. This court in *Tobia* recognized that the failure to name the specific court "goes to the fundamental jurisdiction of the court" *(supra,* at 829 [citation omitted]). Further, the factual situation in *Tobia*

differentiates the ultimate outcome in that matter from the one in the case at hand.

Addressing defendants' Statute of Limitations defense, we concur with Supreme Court that the first three causes of action should be dismissed. Clearly, the essence of each of these causes of action determines the applicable Statute of Limitations. The gravamen of each claim is that defendants failed to comply with statutory procedural requirements, in that plaintiff was confined to a State hospital without his consent and without compliance with the requirements of Mental Hygiene Law § 9.37 (a). Thus, plaintiff's first three causes of action allege false imprisonment and CPLR 215 provides a one-year limitation period for such a cause of action *(see, Plumadore v State of New York,* 75 AD2d 691).

However, as to plaintiff's fourth cause of action against UHS, we arrive at a different result. This cause of action alleges that, "As a result of the negligence of officials, agents and employees of defendant UHS, plaintiff fell from his hospital bed and suffered a serious head injury." In his bill of particulars, plaintiff states that, "Defendant UHS failed to properly supervise plaintiff while he was a patient at defendant UHS's emergency room on December 15, 1983." Thus plaintiff is clearly contending that UHS provided inadequate supervision to plaintiff, which resulted in the injuries he sustained. Plaintiff urges that this cause of action states a claim for negligence, while UHS contends that such cause of action is one for medical malpractice.

In *Zellar v Tompkins Community Hosp.* (124 AD2d 287), this court fashioned a test for determining whether a cause of action spells out negligence or medical malpractice against a hospital. We said: "Where the lack of due care may be discerned by the trier of fact on the basis of common knowledge, the action sounds in simple negligence; if professional skill and judgment are involved, the more particularized theory of medical malpractice applies" *(supra,* at 288 [citations omitted]). In *Zellar,* the complaint alleged that the plaintiff sustained injuries when she fell from a hospital bed because she was not provided with a bed pan and because the hospital staff failed to respond to her calls for assistance. In the bill of particulars, the plaintiff added that the hospital was inadequately staffed. This court found that the plaintiff's contention of inadequate staffing by the hospital spoke to negligence, whereas the hospital's response time to plaintiff's needs was related to patient care which in turn was related to medical

treatment and stated a cause of action in medical malpractice *(supra,* at 289).

In the instant case, plaintiff's contention of inadequate supervision is to be evaluated as either negligence or medical malpractice. This allegation is similar to the allegation of inadequate staffing found in *Zellar.* Accordingly, we conclude then that the question of inadequate supervision may be discerned by the trier of fact on the basis of common knowledge; therefore, it presents a cause of action for negligence which is subject to a three-year Statute of Limitations and is timely.

Finally, the record is unclear as to whether plaintiff's admission and accident date was December 14, 1983 or December 15, 1983. The summons and complaint were served December 15, 1986. However, such service is not fatal even if December 14, 1986 is the operational date of service on UHS because December 14, 1986 falls on a Sunday, thus justifying service on the following day (General Construction Law § 25-a [1]; *see,* 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 203.02).

Order modified, on the law, without costs, by reversing so much thereof as granted the motion dismissing the fourth cause of action; motion denied to that extent; and, as so modified, affirmed. Weiss, Mikoll and Yesawich, Jr., JJ., concur.

Kane, J. P., and Levine, J., concur in part and dissent in part in a memorandum by Kane, J. P. Kane, J. P. (concurring in part and dissenting in part). We disagree only with the majority's conclusion that plaintiff's fourth cause of action presents a negligence claim and was, therefore, timely brought within the applicable three-year Statute of Limitations *(see,* CPLR 214). In our view, this cause of action sets forth a claim for medical malpractice and, thus, was time barred by the 2½-year Statute of Limitations set forth in CPLR 214-a.

Plaintiff's fourth cause of action is based on a claim of inadequate supervision by UHS. Although the majority cites *Zellar v Tompkins Community Hosp.* (124 AD2d 287) for support, that case is inapposite. In *Zellar,* the plaintiff alleged a failure on the part of the defendant's employees to timely respond to the plaintiff's calls for assistance. As this court noted: "response time in a hospital speaks directly to the question of patient care, which in turn, bears a substantial relationship to a patient's over-all medical treatment * * * Hospitals are duly charged to exercise reasonable care in

safeguarding a patient, and whether a breach of that duty occurs necessitates a comparison to the standard of care customarily exercised by hospitals in the community * * *. Whether defendant's employees deviated from this standard of due care cannot be determined without a full appreciation and understanding of the operational demands and practices of a medical facility. *In effect, the question is one of malpractice"* *(supra,* at 289 [emphasis supplied] [citations omitted]). The plaintiff in *Zellar* also made a claim of inadequate staffing, and it was that claim that this court determined to be one sounding in negligence. Here, in our view, plaintiff's claim of inadequate supervision is analogous to the claim made in *Zellar* of a failure to timely respond and is not the same as a claim of inadequate staffing. Thus, the claim in this case of inadequate supervision falls within the ambit of medical malpractice and not simply negligence. Accordingly, we would affirm Supreme Court's decision in its entirety.