■ SANDRA LIPE, Respondent, v ALBANY MEDICAL CENTER, Appellant. [925 NYS2d 258]—

Garry, J. Appeal from that part of an order of the Supreme Court (Kramer, J.), entered November 9, 2010 in Schenectady County, which partially denied defendant's motion for summary judgment dismissing the complaint.

In February 2006, plaintiff underwent a colonoscopy at defendant, Albany Medical Center, performed under sedation. She suffers from several medical conditions, including multiple sclerosis, and walks with a quad cane. In the recovery area following the procedure, plaintiff allegedly made multiple requests for either a bedpan or assistance in getting to the bathroom, but her requests were ignored. Plaintiff claims that, ultimately, a hospital employee told her where the bathroom was, and that she was free to ambulate to it on her own. She left her bed and reached the bathroom, but fell when attempting to exit, striking a garbage can. Defendant disputes this chronology of events leading to the fall, essentially asserting that plaintiff was accompanied to the restroom after an evaluation and physical assessment performed by the hospital nursing staff.

Plaintiff commenced this action in June 2008, with causes of action based in medical malpractice, negligence and lack of informed consent. Defendant moved for summary judgment and

Supreme Court granted the application in part, dismissing the medical malpractice and lack of informed consent claims. Defendant now appeals from the order insofar as it denied judgment dismissing the negligence claim.

Defendant argues that plaintiff's allegations sound in medical malpractice, not negligence, and must be dismissed as plaintiff failed to oppose the summary judgment motion with more than her attorney's affirmation (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]; *DeLorenzo v St. Clare's Hosp. of Schenectady, N.Y.*, 69 AD3d 1177, 1179 [2010]). We disagree. It is well recognized that while the overall purpose of a hospital is to provide medical treatment, not all negligence in that setting is necessarily deemed medical malpractice. A medical malpractice claim arises from conduct that "constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician," whereas a negligence claim arises from "the hospital's failure in fulfilling a different duty" (*Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 788 [1996], quoting *Bleiler v Bodnar*, 65 NY2d 65, 72-73 [1985]). Where a jury can determine a claim based on common knowledge, it sounds in negligence, unlike a medical malpractice claim, which requires expert medical testimony to explain professional determinations (*see Lomonaco v United Health Servs. Hosps., Inc.*, 16 AD3d 958, 960 [2005]; *Smith v Pasquarella*, 201 AD2d 782, 783 [1994]).

Here, plaintiff has alleged negligent conduct by defendant including "ignoring the plaintiff" and "failing to observe and heed the needs of the plaintiff." Plaintiff's testimony presents a factual issue as to whether she received any assistance or assessment at all, not whether the assessment was properly performed (*see Reardon v Presbyterian Hosp. in City of N.Y.*, 292 AD2d 235, 237 [2002]). A jury will be required to make the credibility determination concerning the disputed events leading to plaintiff's fall, but this will not require expert medical testimony.

Mercure, J.P., Spain, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.