TERESA J. COCHRAN, as Administrator of the Estate of SHEILA COCHRAN, Deceased, Respondent, v CAYUGA MEDICAL CENTER AT ITHACA et al., Appellants. [935 NYS2d 154]—

Lahtinen, J.

Sheila Cochran (hereinafter decedent), who was in her early 20s and suffered from various mental and physical infirmities, fell when attempting to get out of a wheelchair. The fall occurred after she had been transported by a nurse, defendant Vicky Grinolds, to an exit upon being discharged from defendant Cayuga Medical Center at Ithaca. She subsequently brought this action and, when defendants' discovery demands went unanswered, defendants made a preclusion motion. Supreme Court granted a 90-day conditional preclusion order in May 2010. The following month, decedent's counsel was permitted to withdraw. Counsel did not immediately release decedent's file to her since he apparently required payment of expenses prior to such release and, this delay, together with problems finding and meeting with new counsel, resulted in the expiration of the 90 days. Defendants moved for summary judgment in September 2010. Decedent's newly retained counsel cross-moved to vacate the order of preclusion and extend the time to respond to discovery. Supreme Court denied defendants' motion and granted decedent's cross motion. Defendants appeal.*

"[I]t is well settled that a trial court has broad discretionary power in controlling discovery and disclosure, and only a clear abuse of discretion will prompt appellate action" (*Matter of Scaccia*, 66 AD3d 1247, 1249 [2009] [internal quotation marks and citations omitted]). A party seeking relief from a default of a conditional preclusion order "must demonstrate (1) a reasonable excuse for the failure to produce the requested items and (2) the existence of a meritorious claim or defense" (*Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 80 [2010]). Plaintiff set forth a reasonable excuse, which included decedent's efforts to retain new counsel after prior counsel withdrew, the delays caused by financial obstacles in obtaining the file from prior counsel, difficulties encountered by her new counsel by reason of the

---

* Decedent died during the pendency of this appeal and a motion to substitute plaintiff (decedent's mother) as legal representative was granted.

breakup of his law partnership, and the efforts to promptly proceed explained by her new counsel following his first meeting with decedent and plaintiff, which occurred shortly after the expiration of the 90-day time frame (*see generally Imperato v Mount Sinai Med. Ctr.*, 82 AD3d 414, 415 [2011]).

Defendants assert that decedent failed to show a meritorious claim because an affidavit was not submitted by an appropriate expert. While an affidavit from a medical expert is required to establish merit when a default occurs in a medical malpractice action (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d at 80), the current action involving a fall by a patient while getting out of a wheelchair operated by a nurse is more akin to a negligence action (*see Bleiler v Bodnar*, 65 NY2d 65, 72 [1985] ["not every negligent act of a nurse would be medical malpractice, but a negligent act or omission by a nurse that constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician constitutes malpractice"]; *Lipe v Albany Med. Ctr.*, 85 AD3d 1442, 1443 [2011]; *D'Elia v Menorah Home & Hosp. for the Aged & Infirm*, 51 AD3d 848, 851-852 [2008]). Here, a report prepared by a nurse retained by plaintiff regarding improper use of the wheelchair together with facts alleged in the record as to the manner in which the accident occurred were sufficient to show a potentially meritorious negligence claim. The accident allegedly occurred when a footplate on the wheelchair was not fully moved out of the way before decedent attempted to get out of the wheelchair. Upon review of the record, we are unpersuaded that Supreme Court abused its discretion in granting decedent's motion.

Mercure, A.P.J., Spain, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.