Peradotto and Martoche, JJ.
(dissenting). We respectfully dissent in part because we disagree with the majority that Supreme Court abused its discretion in conditionally granting that part of defendant’s motion seeking to preclude plaintiff from presenting evidence at trial concerning his mental or physical condition unless plaintiff provided defendant with speaking authorizations for plaintiffs educational providers, and in denying plaintiffs cross motion to that extent. We would therefore affirm the order in its entirety.
Plaintiff commenced this action seeking damages for injuries he allegedly sustained as a result of his exposure to lead-based paint while residing in a rental property owned by defendant. In his second amended bill of particulars, plaintiff alleged that his injuries include, inter alia, diminished cognitive function and intelligence, impaired academic achievement, disability that severely limits his educational attainment, decreased educational opportunities, and “serious impairment in school functioning.” During the course of discovery, defendant sought the names and addresses of plaintiffs witnesses, including “[a]ll witnesses in connection with any issues concerning damages.” In response thereto, plaintiff identified over 190 potential witnesses, including numerous employees of the Lee County School District and the Rochester City School District where plaintiff attended school (hereafter, educational providers). Defendant thereafter served plaintiff with “speaking authorizations” for each of the potential witnesses identified by plaintiff, including the educational providers. When plaintiff refused to sign the authorizations, defendant moved to preclude plaintiff from presenting evidence at trial concerning his mental or physical *1543 condition unless he provided defendant with the requested authorizations, and plaintiff cross-moved for a protective order relative to the speaking authorizations.
Contrary to the conclusion of the majority, we conclude that the court did not abuse its discretion in granting that part of defendant’s motion for a conditional order of preclusion based on plaintiffs failure to provide defendant with the requested authorizations for his educational providers. “ ‘[I]t is well settled that a trial court has broad discretionary power in controlling discovery and disclosure, and only a clear abuse of discretion will prompt appellate action’ ” (Cochran v Cayuga Med. Ctr. At Ithaca, 90 AD3d 1227, 1227 [2011]). With respect to the scope of discovery, CPLR 3101 requires “full disclosure of all matter material and necessary in the prosecution or defense of an action” (CPLR 3101 [a]; see Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 954 [1998]). Although so-called “speaking authorizations” are not specifically identified as a disclosure device in article 31 of the CPLR or part 202 of the Uniform Rules for the New York State Trial Courts, the Court of Appeals has written that “there are no statutes and no rules expressly authorizing—or forbidding—ex parte discussions with any nonparty, . . . [and attorneys have always sought to talk with nonparties who are potential witnesses as part of their trial preparation. [CPLR] [a]rticle 31 does not ‘close[ ] off these ‘avenues of informal discovery,’ and relegate litigants to the costlier and more cumbersome formal discovery devices” (Arons v Jutkowitz, 9 NY3d 393, 409 [2007], quoting Niesig v Team I, 76 NY2d 363, 372 [1990]). The Court of Appeals further wrote, “Our decisions plainly permit informal discovery, and the Legislature has not directed to the contrary. Absent such legislative direction, we decline to limit the scope of such discovery” (id. at 409 n 1).
We see no reason why nonparty educators should be less available than nonparty treating physicians under the principles articulated by the Court of Appeals in Arons (see id. at 408-409). As the court noted in this case, while the number of authorizations defendant seeks is significant, it was plaintiff who provided the names to defendant in response to defendant’s demand for that information, and defendant would bear the burden of contacting each named individual to determine whether he or she has relevant information. We therefore conclude that the court properly granted that part of defendant’s motion concerning speaking authorizations from plaintiffs educational providers and denied plaintiffs cross motion to that extent. Present—Fahey, J.P., Peradotto, Garni, Whalen and Martoche, JJ.