■ DANIELLE NEWELL, Appellant, v ELLIS HOSPITAL et al., Defendants, and DANILO COSICO et al., Respondents. [984 NYS2d 652]—

McCarthy, J. Appeal from an order of the Supreme Court (Lynch, J.), entered February 27, 2013 in Albany County, which, among other things, granted motions by defendants Danilo Cosico and Hakan Attaroglu to dismiss the complaint against them.

Following a surgery performed on June 25, 2009 at defendant

Bellevue Women's Care Center, plaintiff was injured when she fell from the operating table either while or after being extubated. She commenced this action three years later, on June 25, 2012. Defendant Hakan Attaroglu, the anesthesiologist, moved to dismiss the complaint as untimely, maintaining that the action sounded in medical malpractice and was barred by the 2½-year statute of limitations (see CPLR 214-a, 3211 [a] [5]). Plaintiff cross-moved to amend the complaint to delete any reference to "the standards of the medical profession." Defendant Danilo Cosico, the assistant surgeon, cross-moved to dismiss the complaint as untimely under the medical malpractice statute of limitations. Supreme Court denied plaintiff's cross motion to amend and granted the motion and cross motion of Attaroglu and Cosico (hereinafter collectively referred to as defendants) dismissing the complaint.* Plaintiff appeals.

The sole issue here is whether the complaint sounds in medical malpractice such that it is subject to a 2½-year statute of limitations, which would make it untimely, or whether it alleges personal injury claims based on ordinary negligence that are subject to a three-year statute of limitations (compare CPLR 214-a with CPLR 214 [5]). "Conduct may be deemed malpractice, rather than negligence, when it 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician' " (Scott v Uljanov, 74 NY2d 673, 674-675 [1989], quoting Bleiler v Bodnar, 65 NY2d 65, 72 [1985]; accord Maki v Bassett Healthcare, 85 AD3d 1366, 1367 [2011], appeal dismissed 17 NY3d 855 [2011], lv dismissed and denied 18 NY3d 870 [2012]).

The record here does not contain enough factual information to make such a determination. The complaint contains some language that generally refers to malpractice, such as that the "action arose from a surgery," that plaintiff was "owed a duty by [d]efendants to use the due care of medical specialists in performing" the surgery, and that plaintiff fell after she "was extubated by the [a]nesthesiologist" or "while extubated by" him. While some of the medical records also indicate that plaintiff's fall from the operating table may have been substantially related to the rendition of medical treatment, one medical

---

* Plaintiff had previously stipulated to discontinue the action against the other individual defendants. In the order on appeal, Supreme Court dismissed the complaint in its entirety, which would include dismissing as against Bellevue and defendant Ellis Hospital despite those parties not having moved for dismissal (see CPLR 3211 [b]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110 [1984]). On appeal, plaintiff only addresses the dismissal as to defendants, rendering any arguments concerning Bellevue and Ellis Hospital abandoned.

note indicates that plaintiff rolled off the table due to the failure to remove an obstruction that prevented a stretcher from being placed next to the operating table. Plaintiff's causes of action would sound in medical malpractice if she fell off the table due to improper pressure or movement in the removal of the breathing tube, or the failure to properly evaluate her safety and restraint needs while she was under anesthesia (*see Scott v Uljanov*, 74 NY2d at 674-675; *Hranek v United Methodist Homes of Wyo. Conference*, 27 AD3d 879, 880 [2006]; *Lomonaco v United Health Servs. Hosps., Inc.*, 16 AD3d 958, 960 [2005]; *see also Bleiler v Bodnar*, 65 NY2d at 73).

On the other hand, her causes of action would sound in ordinary negligence if she never received any safety assessment, if the hospital staff failed to remove an obstruction between the operating table and stretcher and allowed her to fall between them, or if she was simply dropped by the staff members when they were transferring her from the operating table to the stretcher (*see Cochran v Cayuga Med. Ctr. At Ithaca*, 90 AD3d 1227, 1228 [2011]; *Lipe v Albany Med. Ctr.*, 85 AD3d 1442, 1443 [2011]; *Reardon v Presbyterian Hosp. in City of N.Y.*, 292 AD2d 235, 236-237 [2002]). It is unclear exactly how plaintiff was injured. She asserts that she was unable to provide more precise information, as she was under the effects of anesthesia when the accident occurred and no discovery has taken place. Under the circumstances, we must deny defendants' motions to dismiss based on statute of limitations grounds, without prejudice to renewal when further factual information is available (*see* CPLR 3211 [f]).

Supreme Court denied plaintiff's cross motion to amend the complaint based on its determination to dismiss the complaint. Because we are reversing the portion of the order addressing defendants' motions, we also reverse the portion addressing plaintiff's cross motion. Plaintiff must serve the amended complaint within 20 days of the date of this decision.

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted motions by defendant Hakan Attaroglu and Danilo Cosico to dismiss the complaint and (2) denied plaintiff's cross motion to amend the complaint; motions denied as to those defendants, plaintiff's cross motion granted, and plaintiff must serve the amended complaint within 20 days of the date of this Court's decision; and, as so modified, affirmed.