[994 NYS2d 298]

THERESA TOLEDO et al., Plaintiffs, v MERCY HOSPITAL OF BUFFALO et al., Defendants.

Supreme Court, Erie County, September 24, 2014

**APPEARANCES OF COUNSEL**

*Anspach Meeks Ellenberger, LLP* (*Elizabeth M. Midgley* of counsel) for defendants.

*Magavern, Magavern & Grimm, LLP (Theresa B. Quinn* of counsel) for plaintiffs.

**OPINION OF THE COURT**

JOHN M. CURRAN, J.

Defendants have moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) based upon the alleged expiration of the statute of limitations.

## Background

Theresa Toledo (plaintiff), who was almost 75 years old, was admitted to Mercy Hospital on May 18, 2007 for heart surgery. According to the complaint, on May 23, 2007, while she was still a patient at the hospital, plaintiff slipped and fell on urine when attempting to ambulate to the bathroom, thereby sustaining a fractured ankle.

Plaintiff alleges that prior to the fall, she had been assessed as a moderate risk for falls. Despite that assessment, on the date in question, plaintiff alleges that defendants' staff left her unattended and failed to respond to her repeated requests for assistance.

According to paragraph 29 of the complaint, the defendants were negligent in: failing to respond to plaintiff's repeated requests for help in ambulating to the restroom; failing to monitor plaintiff; failing to properly supervise plaintiff; failing to properly supervise its employees; failing to take any precautionary measures to avoid the happening of this accident despite knowing of plaintiff's difficulty in ambulating and/or risk of falling; selecting, installing and/or maintaining flooring in the subject hospital room that, when wet, created a dangerous and unsafe and trap-like condition; and in allowing that condition to remain without warning others. In addition to those allegations, paragraph 11 of plaintiff's verified bill of particulars alleges negligence on the part of the defendants in failing to maintain patient monitoring and alerting systems and in failing to provide plaintiff with a safe means of walking along and across the floor.

Plaintiff was discharged from Mercy Hospital on May 29, 2007 and was last seen at Mercy Hospital for ankle-related treatment during a June 12-14, 2007 admission. On this pre-discovery motion, defendants contend that plaintiffs' allegations consist of medical malpractice, which is governed by a 2½-year

statute of limitations. Thus, defendants claim the statute expired no later than December 14, 2009. This action was commenced on May 20, 2010, almost three years after the incident at issue.

Defendants characterize plaintiffs' allegations as a challenge of the assessment made by defendants relating to her risk for falls and of the policies put in place as a result of that assessment. Defendants further contend that this claim could not go to a jury without an expert, as the trier of fact could not properly understand whether defendants were negligent without knowing the proper procedures and standards of care that defendants were expected to follow.

In opposition, plaintiffs assert that this is a "slip and fall" case resulting from defendants' failure to exercise ordinary and reasonable care to ensure that no unnecessary harm befell the patient, and not one where defendants' medical assessment is being challenged. Rather than challenging the assessment that plaintiff was at moderate risk for a fall, plaintiff agrees with (and intends to rely upon) that assessment to establish that defendants' employees knew or should have known of plaintiff's difficulty ambulating and therefore breached their duty to plaintiff in failing to respond to her requests for assistance. Plaintiffs also assert that their claims for negligent supervision and failure to follow hospital protocols sound in negligence, not malpractice, and therefore cannot be dismissed on this motion.

## Analysis

"[T]he distinction between medical malpractice and negligence is a subtle one, for medical malpractice is but a species of negligence and 'no rigid analytical line separates the two' " (*Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 787 [1996] [citations omitted]). Thus,

> "a claim sounds in medical malpractice when the challenged conduct 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician.' By contrast, when 'the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the hospital's failure in fulfilling a different duty,' the claim sounds in negligence" (*Weiner*, 88 NY2d at 788 [citations omitted]).

Stated another way,

> "[t]he distinction between ordinary negligence and

malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of common everyday experience of the trier of the facts" (*Wulbrecht v Jehle*, 92 AD3d 1213, 1215 [4th Dept 2012]).

" '[A] private hospital is required to exercise reasonable care and diligence in safeguarding a patient, measured by the capacity of the patient to provide for his [or her] own safety.' Failure to 'restrain, supervise and exercise care for [a patient's] safety' in an adequate manner constitutes common-law negligence" (*Wulbrecht*, 92 AD3d at 1215 [citations omitted]).

At oral argument in support of the motion, defendants relied heavily on the Third Department's decision in *Zellar v Tompkins Community Hosp.* (124 AD2d 287 [3d Dept 1986]). In *Zellar*, the plaintiff, who was a patient undergoing treatment for cancer, fell from her bed in an attempt to walk to the bathroom, resulting in fractures. Plaintiff alleged that defendant was negligent in failing to provide a bedpan at her bedside, failing to respond when she activated a call device for assistance and failing to maintain an adequate staff for patient care. The sole issue raised in that appeal was the proper characterization of the complaint, i.e., whether it sounded in simple negligence or medical malpractice. Plaintiff maintained that the failure of defendant's employees to timely respond to the calls for assistance presented a routine question for jury resolution on the basis of common everyday experience. However, the motion court held, and the Third Department agreed, that

> "response time in a hospital speaks directly to the question of patient care, which in turn, bears a substantial relationship to a patient's over-all medical treatment. Hospitals are duly charged to exercise reasonable care in safeguarding a patient, and whether a breach of that duty occurs necessitates a comparison to the standard of care customarily exercised by hospitals in the community. Whether defendant's employees deviated from this standard of due care cannot be determined without a full appreciation and understanding of the operational demands and practices of a medical facility. In effect, the question is one of malpractice, calling for the production of expert testimony" (*Zellar*, 124

AD2d at 289 [citations omitted]).*

In *Lipe v Albany Med. Ctr.* (85 AD3d 1442 [3d Dept 2011]), the Third Department seemed to reach a different result. In *Lipe*, while in the recovery area following a colonoscopy, plaintiff allegedly made multiple requests for either a bedpan or assistance in getting to the bathroom, but her requests were ignored. Plaintiff, who suffered from multiple sclerosis and walked with a quad cane, claimed that hospital employees told her where the bathroom was and that she was free to ambulate to it on her own. Thus, she eventually left her bed on her own and reached the bathroom, but fell when attempting to exit. Defendant disputed those allegations and instead asserted that plaintiff was accompanied to the restroom after an evaluation and physical assessment performed by its nursing staff. Defendant argued that the action sounded in medical malpractice, not negligence, and that therefore its motion for summary judgment must be granted as plaintiff failed to oppose the motion with more than her attorney's affirmation. The Third Department disagreed that the claim sounded in medical malpractice, noting that "[a] medical malpractice claim arises from conduct that 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician,' whereas a negligence claim arises from 'the hospital's failure in fulfilling a different duty' " (*Lipe*, 85 AD3d at 1443). In analyzing the issues before it, the Court held:

> "Here, plaintiff has alleged negligent conduct by defendant including 'ignoring the plaintiff' and 'failing to observe or heed the needs of the plaintiff.' Plaintiff's testimony presents a factual issue as to whether she received any assistance or assessment at all, not whether the assessment was properly performed. A jury will be required to make the credibility determination concerning the disputed events leading to plaintiff's fall, but this will not require expert medical testimony." (*Lipe*, 85 AD3d at 1443 [citation omitted].)

While this action does not present such factual disputes to be resolved by a jury, the nature of the conduct alleged here is strikingly similar to *Lipe* where it was held to sound in negligence, not medical malpractice (*cf. Zellar*).

---

* Although the failure of defendant's employees to timely respond to the calls for assistance was found to be malpractice, the Court also stated that plaintiff's contention of inadequate staffing spoke to negligence and could therefore still be maintained (*Zellar*, 124 AD2d at 289).

The First Department, in *Friedmann v New York Hosp.-Cornell Med. Ctr.* (65 AD3d 850 [1st Dept 2009]), has reached a conclusion similar to *Lipe*. In *Friedmann*, the right leg of plaintiff's decedent ruptured after it struck a bed rail while aides were preparing her for dinner and adjusting her bedding. Decedent was bedridden and had fragile skin that was prone to rupture as a result of medication she took for her numerous ailments. Plaintiff alleged negligence in permitting decedent's leg to strike the bed rail, in failing to promptly respond to the decedent's calls for assistance and in unreasonably delaying in calling 911. In affirming the trial court's conclusion that the claims sound in negligence, rather than medical malpractice, the Court held that "a trier of fact can evaluate, without the benefit of expert testimony . . . whether the alleged failure to respond to [plaintiff's] calls for assistance was negligent under the circumstances" (*Friedmann*, 65 AD3d at 851).

In discussing the apparent confusion between whether an injury sustained in a hospital is medical malpractice or ordinary negligence, the dissent aptly noted

"[i]t is virtually axiomatic that defendants will assert that a claim sounds in medical malpractice when the statute of limitations mandates dismissal of a malpractice, but not a simple negligence action. It is equally possible to surmise from the plethora of seemingly arbitrary and inconsistent determinations that courts have sometimes used the lack of a bright line rule in order to grant a plaintiff his or her day in court rather than dismiss on the grounds of an untimely pleading" (*Friedmann*, 65 AD3d at 859).

Upon reviewing the various decisions which found a fall in a hospital to be malpractice (*see e.g. Scott v Uljanov*, 74 NY2d 673 [1989] [intoxicated plaintiff climbing out of bed with side rails, as allegations challenged hospital's assessment of the supervisory and treatment needs of patient]; *Coursen v New York Hosp.-Cornell Med. Ctr.*, 114 AD2d 254 [1st Dept 1986] [63-year-old post-hernia-operation patient instructed by doctor to walk around]; *Fox v White Plains Med. Ctr.*, 125 AD2d 538 [2d Dept 1986] [postoperative patient walking to the bathroom, as breach of duty sprang from improper assessment of how much supervision was required, particularly with regard to ability to walk post-op]; *Stanley v Lebetkin*, 123 AD2d 854 [2d Dept 1986] [fall off examining table, as duty arose from the physician-patient relationship]; *Raus v White Plains Hosp.*, 156 AD2d 354

[2d Dept 1989] [fall out of bed without side rails after being given a sedative as allegations were of improper assessment of her condition]; *Smee v Sisters of Charity Hosp. of Buffalo*, 210 AD2d 966 [4th Dept 1994] [patient fell out of chair after complaining of light-headedness]; *Zellar v Tompkins Community Hosp.*, 124 AD2d 287 [3d Dept 1986] [fall walking to the bathroom after staff failed to respond to calls for help]), and those which found a fall in a hospital to be simple negligence (*see e.g. Reardon v Presbyterian Hosp. in City of N.Y.*, 292 AD2d 235 [1st Dept 2002] [fall off examining table following biopsy as physician's decision required only common sense and judgment]; *Papa v Brunswick Gen. Hosp.*, 132 AD2d 601 [2d Dept 1987] [geriatric patient with multiple medical problems fell after climbing out of a bed with side rails as allegations did not involve diagnosis or treatment]; *Halas v Parkway Hosp.*, 158 AD2d 516 [2d Dept 1990] [79-year-old weak patient with a fever fell out of bed without side rails was failure to exercise ordinary and reasonable care where facts established patient's condition was delicate and risk of harm was recognized]), the court agrees with the dissent's observation in *Friedmann* that "[b]ecause the rationale for each of these decisions does not appear to be based on any one clear guiding principle, the decisions bear all appearance of being simply arbitrary" (*Friedmann*, 65 AD3d at 860).

Nevertheless, based on the foregoing case law, it seems that where a fall in a hospital has been deemed to be medical malpractice, the allegations involved a challenge to the physician's assessment of a postoperative patient's risk, which "requires some knowledge of the effects of sedative, the type of surgery that was conducted, a knowledge of how long before effects of anesthesia wear off and when a patient is ready to sit up, or walk unaccompanied or be left without side rails" (*Friedmann*, 65 AD3d at 861). Alternatively, it seems that where a fall in a hospital has been deemed to be simple negligence, the allegations involved primarily patients (many of whom were elderly) who "were recognized risks and no special skills or knowledge were necessary to assess the risk of harm in leaving such obviously frail patients unsupervised" (*Friedmann*, 65 AD3d at 861).

The Fourth Department's decision in *Edson v Community Gen. Hosp. of Greater Syracuse* (289 AD2d 973 [4th Dept 2001]) compels the same conclusion. In *Edson*, plaintiff's decedent was admitted to the hospital with general symptoms of weakness, disorientation and fever. While still at the hospital three days

later, decedent awoke and, believing that he was at home, attempted to get out of bed and fell to the floor. Plaintiff alleged that defendant was aware of a potential for injury to decedent because of his fever and confusion (289 AD2d at 973). In affirming the denial of defendant's motion seeking dismissal of the complaint as time-barred, the Court found that

> "the complaint asserts a negligence cause of action, not a medical malpractice cause of action. The gravamen of the complaint is 'the failure to exercise ordinary and reasonable care to insure that no unnecessary harm befell the patient' (*Halas v Parkway Hosp.*, 158 AD2d 516, 517), and 'the allegations of the complaint do not involve diagnosis, treatment or the failure to follow a physician's instructions' (*Papa v Brunswick Gen. Hosp.*, 132 AD2d 601, 603; *cf., Scott v Uljanov*, 74 NY2d 673, 674-675)." (*Edson*, 289 AD2d at 974.)

Here, it is undisputed that plaintiff's fall occurred five days after surgery following defendants' prior and unchallenged assessment that plaintiff (who was almost 75 years old) was at moderate risk for falls. This incident did not occur during the "postoperative period" discussed above where a physician's specialized knowledge would be involved. On these facts (as set forth on a pre-discovery motion to dismiss), the court cannot conclude that plaintiffs' allegations sound in medical malpractice, thereby entitling defendants to avail themselves of the 2½-year statute of limitations.

Moreover, it is undisputed that plaintiffs' allegations regarding the installation and/or maintenance of the flooring in the hospital room, the failure to provide plaintiff with a safe means of walking along and across the floor of the hospital room, and the failure to maintain the premises in a reasonably safe condition are allegations of negligence, not medical malpractice, and are therefore timely. Likewise, plaintiffs' claims for negligent supervision and failure to follow hospital protocols sound in negligence, not malpractice, and therefore also cannot be dismissed on this motion.

Based on the foregoing, defendants' motion to dismiss based upon the statute of limitations is denied in its entirety.