STEVEN LOMONACO, Appellant-Respondent, v UNITED HEALTH SERVICES HOSPITALS, INC., Respondent-Appellant. [791 NYS2d 737]—

Lahtinen, J. (1) Cross appeals from an order of the Supreme Court (Relihan, Jr., J.), entered April 30, 2004 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint and granted plaintiff leave to serve an amended complaint, and (2) motion to dismiss appeal.

On January 15, 2001, plaintiff, a 48-year-old male with a history of medical problems, was admitted to defendant hospital via the emergency room after reportedly suffering a seizure. He had no further seizures during the day following his admission and he was characterized as medically stable. He was, however, transferred to the psychiatric floor of the hospital for treatment on January 16, 2001. Two days later, while in a kitchen area on the psychiatric floor for a designated snack time, plaintiff began shaking and then fell, sustaining personal injuries. He commenced this action alleging that defendant failed to provide proper supervision and failed to have appropriate policies in place to insure the safety of patients with a history of seizures.

Following disclosure, defendant moved for summary judgment dismissing the complaint and supported the motion with, among other things, an affirmation from a medical doctor opining that there had been no deviation from accepted medical care. In opposition, plaintiff did not submit any proof from an expert but instead argued that his action was premised upon negligence, not malpractice. In an April 2004 order, Supreme Court held that the action sounded in malpractice and, thus, dismissed the negligence action but, sua sponte, gave plaintiff 18 days in which to serve an amended complaint setting forth a medical malpractice cause of action. Plaintiff appealed from the April 2004 order and also served an amended complaint alleging a single cause of action for malpractice. Defendant eventually moved for summary judgment dismissing the amended complaint and plaintiff did not oppose dismissal of that complaint. Supreme Court issued an order granting defendant's motion and a judgment was thereafter entered on July 20, 2004. Plaintiff did not file a notice of appeal from the July 2004 judgment, but he did perfect the appeal from the April 2004 order dismissing his negligence complaint.

We consider first defendant's contention that the appeal from the April 2004 order should be dismissed because plaintiff failed to file a notice of appeal from the July 2004 judgment. As a gen-

eral rule, an appeal may be dismissed if it is from a nonfinal order that is followed by a final judgment (see *Burnell v Marine Midland Bank*, 288 AD2d 784, 784 [2001]; see generally *Burke v Crosson*, 85 NY2d 10, 15-16 [1995] [discussing the "complex" concept of finality]). Under certain circumstances, this Court has discretion to consider in the interest of justice an appeal from an order that is subsumed in an ensuing judgment (see *Alessi v Alessi*, 289 AD2d 782, 782-783 [2001]; *Kozlowski v City of Amsterdam*, 111 AD2d 476, 477 [1985]; see generally 1 Newman, New York Appellate Practice § 4.02 [1]). It merits noting that the Legislature expressed its intent to "promote[ ] efficiency in the appeal process" when enacting recent legislation to "eliminate [a] potential procedural trap" that existed regarding judgments entered after orders in summary judgment motions (Senate Mem in Support, 1997 McKinney's Session Laws of NY, at 2455). Here, the April 2004 order dismissed the only cause of action that had been asserted against defendant by plaintiff in his complaint. Permitting the rather unusual procedures that eventually followed the April 2004 dismissal to provide a basis to avoid considering the merits of plaintiff's appeal would serve only to construct further procedural traps of the type the Legislature recently attempted to eliminate. We are unpersuaded that such a path is compelled on the facts of this case. Accordingly, we decline to dismiss the appeal.

Next, we turn to the merits of the appeal in which plaintiff argues that his claim sounded in negligence and that defendant did not meet its threshold burden in the motion for summary judgment. "[N]o rigid analytical line separates" negligence and malpractice (*Scott v Uljanov*, 74 NY2d 673, 674 [1989]) and, thus, the determination turns on the facts of each situation (see generally *Yavorski v Dewell*, 288 AD2d 545 [2001]; *Angell v State of New York*, 278 AD2d 776 [2000]; *Fields v Sisters of Charity Hosp.*, 275 AD2d 1004 [2000]; *Smee v Sisters of Charity Hosp.*, 210 AD2d 966 [1994]). We have previously observed that "[w]here the lack of due care may be discerned by the trier of fact on the basis of common knowledge, the action sounds in simple negligence; if professional skill and judgment are involved, the more particularized theory of medical malpractice applies" (*Zellar v Tompkins Community Hosp.*, 124 AD2d 287, 288 [1986]; see *Bleiler v Bodnar*, 65 NY2d 65, 72 [1985]).

Here, plaintiff had suffered seizures reportedly related to drug withdrawal complicated by multiple sclerosis. The seizures had subsided and he was transferred to the psychiatric floor where he was under the care of a physician. Defendant's expert, a psychiatrist, opined that plaintiff received proper medication

and that defendant had an appropriate fall prevention program. The expert further stated that the level of supervision and restraints of a psychiatric patient were medical decisions and the decisions made by plaintiff's physician regarding such issues were appropriate (*see Yamin v Baghel*, 284 AD2d 778, 779 [2001]). This proof reflected that the conduct and decisions that put plaintiff in the situation where his fall occurred were medical in nature and defendant set forth adequate proof establishing a prima facie case for dismissal. Plaintiff, who submitted only a short attorney's affidavit and selected medical records in opposition to the motion, failed to establish a basis for a negligence claim or otherwise raise a triable issue.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the motion is denied, without costs. Ordered that the order is affirmed, without costs.