■ MOUSSA DIANE, Respondent, v RICALE TAXI, INC., Appellant, et al., Defendants. [809 NYS2d 65]—

Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered June 15, 2004, after an inquest, which, inter alia, awarded plaintiff unitemized damages in the principal amount of $1 million, together with prejudgment interest from the date of the accident in the amount of $624,644.68, unanimously modified, on the law, the unitemized damage award and the award of interest vacated, and otherwise affirmed, without costs, and the matter remanded for entry of an amended judgment itemizing damages in accordance with CPLR 4111 (f) and awarding prejudgment interest from April 5, 2000, the date defendant's liability was determined, in accordance with CPLR 5002. Appeal from order, same court and Justice, entered January 7, 2005, which denied defendant's motion for a stay pending appeal pursuant to CPLR 5519 (b), unanimously dismissed as moot, without costs.

The million dollar damage award in this negligence action should have been itemized (CPLR 4111 [f]). We therefore remand for entry of an amended judgment itemizing the amounts awarded for plaintiff's medical expenses, past and future pain and suffering, and any other relevant category of damages. While appellate review of the award of damages pursuant to CPLR 5501 (c) is not feasible in advance of a properly itemized award, given the nature of plaintiff's injuries, his course of treatment and prognosis as set forth in the trial record, we discern no reason to conclude that the total amount of the award deviated materially from what is reasonable compensation under the circumstances (*see e.g. Baez v New York City Tr. Auth.*, 15 AD3d 309 [2005]; *Kraus v Caliche Realty Estates*, 302 AD2d 214 [2003], *lv denied* 100 NY2d 503 [2003]).

Interest in a personal injury case does not accrue from the date of the accident, but rather, from the date of the verdict or decision (*see* CPLR 5002). Accordingly, on remand, the court should recompute the interest award so that prejudgment interest is assessed from the date defendant's answer was struck, on or about April 5, 2000, and not from the date of the accident (*see Love v State of New York*, 78 NY2d 540 [1991]). Concur—Buckley, P.J., Sullivan, Williams, Gonzalez and Catterson, JJ.