■ DARYL ROMAIN, Respondent, v JENNETTE GRANT, Appellant. [874 NYS2d 380]—

In an action to recover damages for personal injuries, the defendant appeals from so much of a judgment of the Supreme Court, Queens County (Hart, J.), entered April 28, 2008, as, after a nonjury trial on the issue of damages, and upon awarding the plaintiff, inter alia, the principal sum of $25,000 for past pain and suffering, directed that prejudgment interest on that sum run from August 26, 1998.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of an amended judgment directing that prejudgment interest on the $25,000 award for past pain and suffering run from January 23, 2008.

The Supreme Court erred in directing that prejudgment interest on the plaintiff's $25,000 award for past pain and suffering run from August 26, 1998, the date of the subject accident (*see Diane v Ricale Taxi, Inc.*, 26 AD3d 232, 233 [2006]). Rather, the

court should have directed that such interest run from January 23, 2008, the date that it granted the plaintiff's unopposed application for a directed verdict on the issue of liability (*see* CPLR 5002; *Love v State of New York*, 78 NY2d 540 [1991]; *Van Nostrand v Froehlich*, 44 AD3d 54, 56-58 [2007]; *Diane v Ricale Taxi, Inc.*, 26 AD3d 232, 233 [2006]).

Even assuming, as the plaintiff contends, that the defendant failed to raise the foregoing issue before the Supreme Court, we nevertheless may reach it since it is an issue of law that appears on the face of the record which, had it been brought to the attention of the Supreme Court, could not have been avoided (*see Matter of 200 Cent. Ave., LLC v Board of Assessors*, 56 AD3d 679 [2008]; *Buywise Holding, LLC v Harris*, 31 AD3d 681, 682 [2006]; *Beepat v James*, 303 AD2d 345, 346 [2003]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Spolzino, Ritter and Santucci, JJ., concur.