■ DWAYNE MOORE, Appellant, v FEDERATED DEPARTMENT STORES, INC., et al., Respondents. [942 NYS2d 513]—Appeal from order, Supreme Court, New York County (Martin Shulman, J.), entered July 16, 2010, which, to the extent appealed from as limited by the briefs, denied plaintiff's motions to strike defendants' answer and to compel responses to discovery, and granted defendants' cross motions for sanctions to the extent of directing plaintiff's counsel to, among other things, pay $2,000 to the Lawyer's Fund for Client Protection, unanimously dismissed, without costs. Appeal from order, same court and Justice, entered on or about September 27, 2010, which, to the extent appealed from, granted defendant Macy's motion to compel

plaintiff's compliance with discovery, and denied plaintiff's motion to stay the order entered July 16, 2010 pending appeal, unanimously dismissed, without costs.

Any right of direct appeal from the intermediate orders terminated with entry of the final judgment dismissing this wrongful termination action for failure to prosecute (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). Plaintiff did not appeal from the final judgment, and there is no basis for deeming his appeals from the intermediate orders as having been taken from the subsequent judgment (*cf.* CPLR 5501 [c]; 5520 [c]).

Were we to consider plaintiff's arguments on appeal, we would nonetheless find them unavailing. The court properly denied plaintiff's motions to strike and compel, as there was no basis in the record to find defendants' conduct in the discovery process to be willful, contumacious, or in bad faith (*see Ayala v Lincoln Med. & Mental Health Ctr.*, 92 AD3d 542 [2012]). With respect to the court's imposition of sanctions upon plaintiff's counsel, counsel did not appeal from the order or the subsequent judgment awarding sanctions, and plaintiff was not aggrieved by the award and lacks standing to challenge it (*see generally* CPLR 5511; *Matter of Kyle v Lebovits*, 58 AD3d 521 [2009], *lv dismissed and denied* 13 NY3d 765 [2009], *cert denied* 559 US —, 130 S Ct 1524 [2010]). Plaintiff was also not aggrieved by the grant of defendant Macy's motion to compel discovery, as plaintiff did not oppose the motion (*see Darras v Romans*, 85 AD3d 710, 711 [2011]). To the extent plaintiff challenges the denial of his motion for a stay of enforcement of the order entered July 16, 2010 pending his appeal from the order, his argument is moot (*see Diane v Ricale Taxi, Inc.*, 26 AD3d 232, 232 [2006]). Concur—Tom, J.P., Friedman, Catterson, Acosta and Freedman, JJ. **[Prior Case History: 2010 NY Slip Op 31899(U).]**