RANDY J. SMITH, Appellant, v TOWN OF COLONIE et al., Defendants, and CATERPILLAR, INC., Respondent. (And Three Third-Party Actions.) [952 NYS2d 923]—

Mercure, J.P. Appeal from an order of the Supreme Court (Platkin, J.), entered May 25, 2011 in Albany County, which partially granted a motion by defendant Caterpillar, Inc. for summary judgment dismissing the complaint.

Plaintiff, a laborer working on the installation of a sewer line, was severely injured when an excavator manufactured by defendant Caterpillar, Inc. struck him. Although the excavator was equipped with a travel alarm that sounded a warning when the machine was in motion, plaintiff alleged that the alarm had been disabled at the time of the accident. Plaintiff thereafter commenced this personal injury action against several defendants, including Caterpillar, which is now the sole remaining defendant.

Following the conclusion of discovery and filing of the note of issue, Supreme Court (Platkin, J.) partially granted Caterpillar's motion for summary judgment, and dismissed plaintiff's design defect claims. As relevant here, the court also ruled that plaintiff's failure to warn claim would be limited to what was alleged in the bill of particulars, which asserted only a failure to warn that the travel alarm was not functional and made no reference to the lack of a warning that the machine could move without a functional travel alarm. The court subsequently denied plaintiff's motion to reargue or renew or, in the alternative, to amend his bill of particulars. In the meantime, a trial resulted in a verdict in favor of Caterpillar on the remaining causes of action; Supreme Court (Lynch, J.) denied plaintiff's motion to set aside the verdict and entered judgment thereon, dismissing the complaint. Plaintiff did not file a notice of appeal from the final judgment, but appeals instead only from the interim, nonfinal order partially granting Caterpillar's motion for summary judgment.

This appeal must be dismissed. Plaintiff argues that Supreme Court read his bill of particulars too narrowly and, therefore, improperly delimited his failure to warn claim in the interlocutory order from which he appealed. Plaintiff's right to appeal from that order terminated upon the entry of the final judgment after trial (*see Matter of Aho*, 39 NY2d 241, 248 [1976]; *Matter of 1801 Sixth Ave., LLC v Empire Zone Designation Bd.*, 95 AD3d 1493, 1495 [2012]; *see also Lomonaco v United Health Servs. Hosps., Inc.*, 16 AD3d 958, 959-960 [2005]). The interlocutory order necessarily affected—and would be reviewable on an appeal from—the final judgment inasmuch as it removed legal issues from the case (*see Siegmund Strauss, Inc. v East 149th Realty Corp.*, 20 NY3d 37, 42-43 [2012]; *Matter of Aho*, 39 NY2d at 248; *Wasson v Bond*, 80 AD3d 1114, 1115 n [2011]). The judgment is not before us, however, because plaintiff did not appeal from it, and we reject his request that we deem the appeal to be properly before us in the interest of justice (*see Matter of 1801 Sixth Ave., LLC v Empire Zone Designation Bd.*, 95 AD3d at 1495; *Moore v Federated Dept. Stores, Inc.*, 94 AD3d 638, 639 [2012], *appeal dismissed* 19 NY3d 1065 [2012]; *cf. Lomonaco v United Health Servs. Hosps., Inc.*, 16 AD3d at 959-960).

Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the appeal is dismissed, with costs.