OPINION OF THE COURT
William J. Giacomo, J.
Factual and Procedural Background
Plaintiff commenced this residential mortgage foreclosure action on June 8, 2015. Although defendant did not file an answer she appeared at the July 31, 2015, August 17, 2015, December 1, 2015, February 26, 2016, and March 15, 2016 foreclosure settlement conferences. The case was released from the Settlement Conference Part on March 15, 2016.
Defendant filed her answer on March 30, 2016. Plaintiff rejected her answer on April 8, 2016.
Defendant now moves for leave to file a late answer. Plaintiff opposes the motion.
Discussion
Effective December 20, 2016 CPLR 3408, Mandatory settlement conference in residential foreclosure actions, will be amended to add the following relevant provisions:
“(1) At the first settlement conference held pursuant to this section, if the defendant has not filed an answer or made a pre-answer motion to dismiss, the court shall:
“1. advise the defendant of the requirement to answer the complaint;
“2. explain what is required to answer a complaint in court;
“3. advise that if an answer is not interposed the ability to contest the foreclosure action and assert defenses may be lost; and
“4. provide information about available resources for foreclosure prevention assistance.
“At the first conference held pursuant to this section, the court shall also provide the defendant with a copy of the Consumer Bill of Rights provided for in section thirteen hundred three of the real property actions and proceedings law.
*1102 “(m) A defendant who appears at the settlement conference but who failed to file a timely answer, pursuant to rule 320 of the civil practice law and rules, shall be presumed to have a reasonable excuse for the default and shall be permitted to serve and file an answer, without any substantive defenses deemed to have been waived within thirty days of initial appearance at the settlement conference. The default shall be deemed vacated upon service and filing of an answer.”
The intent of the new legislation is to permit defendants in foreclosure actions, generally pro se litigants, to answer and participate in the foreclosure litigation. Here, defendant was served with the summons and complaint on June 18, 2015 and fully participated in the foreclosure settlement process. Further, within 15 days of the case being released from the foreclosure part, defendant filed her answer.
Therefore, based upon the intent evidenced by the new legislation, the fact that defendant has participated in the litigation and that plaintiff will suffer no prejudice in allowing defendant to file a late answer, defendant’s motion to file a late answer is granted and her answer is deemed served.