Small v Yezzi (2021 NY Slip Op 04995)





Small v Yezzi


2021 NY Slip Op 04995


Decided on September 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 16, 2021

531109
[*1]Jennifer Small, Respondent,
v
Michael Yezzi, Appellant.

Calendar Date:August 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Gordon, Tepper & DeCoursey, LLP, Glenville (Jennifer P. Rutkey of counsel), for appellant.
Melody A. Mackenzie PLLC, Troy (Melody A. Mackenzie of counsel), for respondent.



Clark, J.
Appeal from an order of the Supreme Court (Auffredou, J.), entered July 11, 2019 in Washington County, which, among other things, granted plaintiff's motion to strike defendant's answer.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1993. In or around 2011, the parties began the process of dissolving their marriage and entered into a collaborative law participation agreement, in which they agreed "to resolve family law matters" without litigation. In May 2012, during the collaborative process, the parties entered into a separation agreement. However, the separation agreement purportedly contained drafting mistakes and errors, and the parties sought — unsuccessfully — to address these issues through the collaborative process over the following 18 months. The wife thereafter terminated the collaborative process, and, in January 2014, the husband commenced an action for divorce. In 2018, after extensive litigation regarding the interpretation and enforcement of the separation agreement, Supreme Court issued a judgment of divorce that incorporated, but did not merge, the separation agreement.
Meanwhile, in May 2017, the wife commenced this plenary action, alleging six causes of action. Specifically, the wife asserted claims to set aside the separation agreement as unconscionable and/or impossible to perform and for breach of the collaborative law participation agreement, breach of the separation agreement, fraud and reformation of the separation agreement based upon mutual mistake. The husband joined issue, asserting 25 affirmative defenses, and thereafter unsuccessfully moved for summary judgment dismissing the complaint based upon CPLR 3211 (a) grounds. In November 2018, Supreme Court directed that all discovery be completed by March 2019. The following month, in December 2018, the husband moved for summary judgment dismissing those causes of action that sought to vacate, modify or reform the separation agreement. Supreme Court ultimately denied the husband's motion for summary judgment.
In March 2019, based upon allegations that the husband had willfully failed to comply with the court-ordered disclosure deadlines, the wife moved, pursuant to CPLR 3126, for the imposition of penalties against the husband. The husband opposed the wife's motion and thereafter moved to renew and reargue Supreme Court's denial of his December 2018 motion for summary judgment. By decision and order entered July 11, 2019, Supreme Court found that the husband had willfully failed to comply with disclosure and granted the wife's motion to the extent of striking the husband's answer, directing judgment in favor of the wife on her causes of action to set aside and reform the separation agreement (causes of action 2, 3 and 6) and scheduling an inquest on her causes of action for breach of the collaborative law participation agreement, breach of the separation agreement and fraud (causes of action 1, 4 and 5). Supreme [*2]Court also held that the husband's motion to renew and reargue was rendered academic by its determination, but that such motion was actually one for reargument and would have been denied on the merits in any event. The husband appeals from the July 2019 order.
Since entry of the July 2019 order, Supreme Court has conducted an inquest on the wife's first, fourth and fifth causes of action and rendered decisions in March 2020 and April 2020 resolving those causes of action. As reflected in Supreme Court's March 2020 decision, during the inquest and in her inquest submission, the wife advised that, with respect to her second, third and sixth causes of action, she was no longer seeking to set aside or reform the separation agreement; thus, the wife declined to submit a proposed judgment on those causes of action as directed in the July 2019 order. A final judgment was entered in favor of the wife in November 2020.
As the wife correctly identifies, the husband's right to appeal from the July 2019 intermediate order terminated upon entry of the November 2020 final judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]; Moore v Federated Dept. Stores, Inc., 94 AD3d 638, 639 [2012], appeal dismissed 19 NY3d 1065 [2012]; Doherty v Schuyler Hills, Inc., 55 AD3d 1174, 1175 [2008]). The husband did not appeal from the November 2020 final judgment and, contrary to his contention, his failure to do so cannot be cured by CPLR 5501 (c), as that provision is inapplicable (see Moore v Federated Dept. Stores, Inc., 94 AD3d at 639). We decline to exercise our discretion to deem the husband's appeal from the July 2019 intermediate order as having been taken from the July 2020 judgment (see CPLR 5520 [c]; Smith v Town of Colonie, 100 AD3d 1132, 1133 [2012]; compare Robertson v Greenstein, 308 AD2d 381, 382 [2003], lv dismissed 2 NY3d 759 [2004]). Accordingly, the husband's appeal must be dismissed.
Egan Jr., J.P., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, without costs.