Carrington Mtge. Servs., LLC v Fiore (2021 NY Slip Op 05743)





Carrington Mtge. Servs., LLC v Fiore


2021 NY Slip Op 05743


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

526918 528142
[*1]Carrington Mortgage Services, LLC, Respondent,
v
Glenn Fiore, Also Known as Glenn T. Fiore, et al., Appellants, et al., Defendants.

Calendar Date:September 14, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Glenn Fiore, Warrensburg, appellant pro se.
Shapiro, DiCaro & Barak, LLC, Rochester (Virginia Grapensteter of counsel), for respondent.



Garry, P.J.
Appeals (1) from an order of the Supreme Court (Muller, J.), entered December 21, 2017 in Warren County, which, among other things, denied a motion by defendants Glenn Fiore and Junko Fiore for leave to file a late answer, (2) from an order of said court, entered December 21, 2017 in Warren County, which, among other things, granted plaintiff's motion for a default judgment, (3) from an order of said court, entered March 29, 2018 in Warren County, which denied a motion by defendant Glenn Fiore to, among other things, vacate the default judgment, and (4) from an order and judgment of said court, entered September 25, 2018 in Warren County, which, among other things, granted plaintiff's motion for a judgment of foreclosure and sale.
In April 2015, plaintiff commenced this foreclosure action due to the failure of defendants Glenn Fiore and Junko Fiore (hereinafter collectively referred to as defendants) to make timely mortgage payments as of August 2014. Pursuant to CPLR 3408, a settlement conference was scheduled for June 16, 2015. Because defendants failed to answer within the requisite time frame and did not appear at the settlement conference, plaintiff, on July 21, 2015, filed an ex parte motion for a default judgment and order of reference. Nearly one year later, while plaintiff's motion was pending, defendants served an answer, which plaintiff rejected as untimely. Based upon defendants' correspondence with Supreme Court,[FN1] settlement conferences resumed, and eight were held between June 2016 and March 2017 before the court concluded that settlement was impracticable.
Defendants moved to dismiss the complaint based on, among other things, plaintiff's alleged lack of standing, and alternatively sought leave to file a late answer. By order entered December 21, 2017, Supreme Court denied the relief requested by defendants. The court also granted plaintiff's motion for a default judgment and issued an order of reference, also entered December 21, 2017. Defendants then filed a motion seeking, among other things, to vacate the default judgment, which the court denied by order entered March 29, 2018.
Plaintiff thereafter moved for a final judgment of foreclosure and sale. Defendants opposed and cross-moved in another attempt to vacate their underlying default, which plaintiff opposed. By order and judgment entered September 25, 2018, Supreme Court denied defendants' cross motion and granted plaintiff's motion for a judgment of foreclosure and sale. Defendants appeal from the two December 2017 orders, the March 2018 order and the September 2018 order and judgment.
Initially, the right to appeal from the three subject interlocutory orders terminated upon entry of the September 2018 final order and judgment (see Prendergast v Swiencicky, 183 AD3d 945, 946 n 1 [2020], lv denied 36 NY3d 944 [2020]; Augusta v Kwortnik, 161 AD3d 1401, 1403 [2018]). Nevertheless, any issues raised with respect to these orders that necessarily affect the final [*2]order and judgment may be brought up for review on the appeal from that final paper (see CPLR 5501 [a]; Augusta v Kwortnik, 161 AD3d at 1403).
CPLR 3408 (l) imposes an affirmative obligation on Supreme Court that if, "[a]t the first [foreclosure] settlement conference[,] . . . the defendant has not filed an answer or made a pre-answer motion to dismiss, the court shall: 1. advise the defendant of the requirement to answer the complaint; 2. explain what is required to answer a complaint in court; 3. advise that if an answer is not interposed the ability to contest the foreclosure action and assert defenses may be lost; and 4. provide information about available resources for foreclosure prevention assistance." Relatedly, pursuant to CPLR 3408 (m), "[a] defendant who appears at the settlement conference but who failed to file a timely answer, pursuant to [CPLR 320], shall be presumed to have a reasonable excuse for the default and shall be permitted to serve and file an answer, without any substantive defenses deemed to have been waived[,] within [30] days of initial appearance at the settlement conference. The default shall be deemed vacated upon service and filing of an answer."
We disagree with defendants' assertions that Supreme Court violated these provisions. They were included in amendments to CPLR 3408 that became effective on December 20, 2016 (see L 2016, ch 73, pt Q, §§ 2, 11) — during the pendency of this action. Generally, legislation should be applied prospectively unless the statutory language "expressly, or by necessary implication, requires otherwise," although an exception "is commonly made for remedial legislation or statutes governing procedural matters[,] . . . to carry out the reform intended" (Matter of Jaquan L. [Pearl L.], 179 AD3d 457, 458-459 [2020] [internal quotation marks and citation omitted]; see Shielcrawt v Moffett, 294 NY 180, 188 [1945]; Aguaiza v Vantage Props., LLC, 69 AD3d 422, 424 [2010]). CPLR 3408 (l) places certain obligations on the court "[a]t the first settlement conference." Subdivision (m) relieves a defendant who appears at a settlement conference from a default in answering and permits the late filing of an answer "within [30] days of initial appearance at the settlement conference" (CPLR 3408 [m] [emphasis added]). The plain language of each of these subdivisions indicates that they apply at the first settlement conference. Even if we disregard the June 2015 conference, at which defendants were not present, they appeared at their first conference in June 2016, which was six months before these provisions became effective. We cannot say that Supreme Court erred in failing to apply those provisions before their effective date; nor was the court required to apply those provisions to the settlement conferences that occurred later, considering the circumstances and the legislature's plain language.[FN2]
We reach a different result regarding CPLR 3408 (b), which became effective in 2008 (see L [*3]2008, ch 472, §§ 3, 28). That subdivision provides that, at the initial foreclosure settlement conference, "any defendant currently appearing pro se[] shall be deemed to have made a motion to proceed as a poor person under [CPLR 1101]. The court shall determine whether such permission shall be granted pursuant to standards set forth in [CPLR 1101]" (CPLR 3408 [b]). Because defendants appeared at the June 2016 settlement conference without representation, each was "deemed to have made a motion to proceed as a poor person" and Supreme Court was required to determine such motion (CPLR 3408 [b]). Although Supreme Court erred in failing to adhere to its obligations under CPLR 3408 (b), the question remains whether defendants would have been eligible for the assignment of counsel based upon their financial circumstances. The record does not contain adequate information to render such a determination (see CPLR 1101 [a]).[FN3] The eligibility for assigned counsel is a threshold issue that must be resolved before we can determine the merits of this appeal.[FN4] As such, we withhold decision and remit the matter to Supreme Court to render a determination as to defendants' eligibility for assigned counsel as of the June 2016 settlement conference (see Matter of Renee S. v Heather U., 195 AD3d 1170, 1173 [2021]).
Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the appeals from the orders entered December 21, 2017 and March 29, 2018 are dismissed, without costs.
ORDERED that the decision on the appeal from the order and judgment entered September 25, 2018 is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Defendants provided information indicating that they had been misinformed regarding the June 2015 settlement conference and had intended to attend any scheduled conference.

Footnote 2: Although not required, Supreme Court could have considered the newly-effective CPLR 3408 (l) and (m), and the Legislature's intent in enacting those provisions, when determining defendants' motion for leave to file a late answer (see JP Morgan Chase Bank, N.A. v Hernandez, 53 Misc 3d 1100, 1102 [Sup Ct, Westchester County 2016]).

Footnote 3: We note that the record indicates that defendants consulted with the Legal Aid Society of Northeastern New York in April 2016 and were determined by that agency to be income eligible for its services; it appears that the agency was unable to represent them for other reasons.

Footnote 4: If defendants were not entitled to assigned counsel, then we must review the other arguments raised. However, if defendants were entitled to counsel and deprived thereof, Supreme Court's failure to address defendants' poor person application and to exercise its discretion in determining whether there was a need for assigned counsel affected everything that occurred thereafter — the court's granting of an ex parte order of reference on default, denial of motions for leave to file a late answer and for vacatur of default, and the issuance of the final judgment of foreclosure and sale were all potentially infected by defendants' lack of counsel.