Schultz v Albany Med. Ctr. Hosp. (2023 NY Slip Op 05768)

Schultz v Albany Med. Ctr. Hosp.

2023 NY Slip Op 05768

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

535456 536112
[*1]Jonathan Schultz, Individually and as Administrator of the Estate of Lynette A. Schultz, Deceased, Appellant,
v
Albany Medical Center Hospital, Respondent.

Calendar Date:October 11, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald and McShan, JJ.

Fern E. De Jonge, Brooklyn, for appellant.
Burke, Scolamiero & Hurd, LLP, Albany (Monique B. McBride of counsel), for respondent.

McShan, J.
(1) Appeal from an order of the Supreme Court (Kimberly A. O'Connor, J.), entered April 18, 2022 in Albany County, which, among other things, directed defendant to produce certain records for an in camera inspection, (2) appeal from an order of said court, entered July 8, 2022 in Albany County, which, among other things, granted defendant's cross-motion for a protective order, and (3) motion to dismiss the appeals.
Plaintiff — individually and as administrator of the estate of Lynette A. Schultz (hereinafter decedent) — commenced this action against defendant, alleging claims of medical malpractice and wrongful death based upon the medical care and treatment decedent received while a patient at defendant. In the course of pretrial discovery, plaintiff moved to strike defendant's answer or, in the alternative, compel defendant to comply with outstanding discovery demands. Defendant opposed the motion and cross-moved for, among other thing, a protective order in relation to an alleged privileged incident/accident report and to quash a subpoena. Supreme Court, by decision entered April 18, 2022, ordered defendant to produce the incident/accident report within 15 days for in camera review, but otherwise found that all discovery demands had been met. As such, the court, among other things, denied plaintiff's motion to compel and granted defendant's cross-motion to the extent of quashing the subpoena. Following the in camera inspection of the incident/accident report, Supreme Court, by order entered July 8, 2022, found that the report was prepared in connection with defendant's quality assurance review program and fell within the protection of Education Law § 6527 (3) and Public Health Law § 2805-m and, therefore, was privileged and not subject to disclosure. As such, the court, among other things, granted defendant's motion for a protective order. Plaintiff appeals from both orders.
By order entered in August 2023, Supreme Court granted defendant's motion for summary judgment dismissing the complaint and defendant has moved to dismiss the appeals as moot in light of this subsequent order.[FN1] However, we need not address the merits of defendant's motion or plaintiff's appeals, as the right to appeal from the nonfinal orders was extinguished upon entry of the final order and, on that basis, we dismiss the appeals (see Matter of Aho, 39 NY2d 241, 248 [1976]; Prendergast v Swiencicky, 183 AD3d 945, 946 n 1 [3d Dept 2020], lv denied 36 NY3d 944 [2020]; Matter of Ruhle, 173 AD3d 1389, 1392 [3d Dept 2019]; Artibee v State of New York, 165 AD3d 1575, 1576 [3d Dept 2018]). As a result, defendant's motion to dismiss the appeals on mootness grounds is rendered academic.
Clark, J.P., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeals from the orders entered April 18, 2022 and July 8, 2022 are dismissed, without costs.
ORDERED that the motion is denied, as academic, without costs.

Footnotes

Footnote 1: Plaintiff has filed a notice of appeal from the final order granting defendant's motion for summary judgment and dismissing plaintiff's complaint (see Appeal No. CV-23-1686).