Deutsche Bank Natl. Trust Co. v Michalowski (2024 NY Slip Op 04170)

Deutsche Bank Natl. Trust Co. v Michalowski

2024 NY Slip Op 04170

Decided on August 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 8, 2024

CV-23-1203
[*1]Deutsche Bank National Trust Company, as Trustee, Respondent,
v
David J. Michalowski, Appellant, et al., Defendants.

Calendar Date:May 29, 2024

Before: Aarons, J.P., Pritzker, Lynch, Ceresia and Mackey, JJ.

Sandra Poland Demars, Albany, for appellant.
Woods Oviatt Gilman LLP, Rochester (Kristin M. Bolduc of counsel), for respondent.

Lynch, J.
Appeal from an order of the Supreme Court (Richard A. Kupferman, J.), entered June 23, 2023 in Saratoga County, which, among other things, denied defendant David J. Michalowski's motion to compel plaintiff to accept service of his answer.
In 2004, defendant David J. Michalowski (hereinafter defendant) executed a note to borrow $295,800 from plaintiff's predecessor, secured by a mortgage against real property in Saratoga County. The mortgage and note were assigned to plaintiff in 2005. Thereafter, defendant signed a loan modification agreement increasing the principal amount of the loan to $355,644.80. Following a default in payment, plaintiff commenced this action to foreclose the mortgage in March 2012. Upon defendant's default, plaintiff was granted a judgment of foreclosure and sale in early 2015 and a sale was held on May 4, 2015. That sale, however, was rescinded in view of defendant's filing for bankruptcy in March 2015. Pertinent here, in May 2022, Supreme Court (Freestone, J.) issued an order allowing plaintiff to amend the complaint to add the New York State Department of Taxation and Finance as a party defendant. In June 2022, defendant served an answer to the amended complaint, raising five affirmative defenses — which plaintiff rejected in view of defendant's default status. By order entered June 23, 2023, Supreme Court (Kupferman, J.) denied defendant's motion to compel acceptance of his answer. Defendant's appeal ensued.
With this appeal pending, on March 11, 2024, Supreme Court simultaneously issued an order denying defendant's application for a stay pending appeal and a final judgment of foreclosure and sale. It follows that defendant's right to appeal from the June 2023 order has terminated (see Schultz v Albany Med. Ctr. Hosp., 221 AD3d 1209, 1210 [3d Dept 2023]; Carrington Mtge. Servs., LLC v Fiore, 198 AD3d 1106, 1107 [3d Dept 2021]; Flagstar Bank, FSB v Stewart, 186 AD3d 1808, 1808-1809 [3d Dept 2020]; US Bank Trust, N.A. v Lynch, 168 AD3d 1242, 1243 [3d Dept 2019]; Smith v Town of Colonie, 100 AD3d 1132, 1133 [3d Dept 2012]). Moreover, as no appeal from the judgment is before us, this appeal must be dismissed. In so holding, we recognize that the judgment here was effectively entered on defendant's default, precluding his right to appeal (see CPLR 5511). In such an instance, defendant's avenue for relief, if any, would be a motion to vacate the judgment (see CPLR 5015 [a]).
Aarons, J.P., Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.