Matter of TGT, LLC v Meli (2025 NY Slip Op 00180)

Matter of TGT, LLC v Meli

2025 NY Slip Op 00180

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 153682/23 Appeal No. 3457-3457A Case No. 2024-02588 

[*1]In the Matter of TGT, LLC, Petitioner-Respondent,
v
Joseph Meli et al., Respondents-Appellants, Jessica Meli et al., Respondents.

Lewis Baach Kaufmann Middlemiss PLLC, New York (Elizabeth M. Velez of counsel), for Joseph Meli and Richard Meli, appellants.
Hecht Partners LLP, New York (Maxim Price of counsel), f0r Hecht Partners, LLP, appellant.
Condon & Forsyth LLP, New York (Eli G. Burton of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered April 7, 2024, which granted petitioner TGT, LLC's motion to compel respondent Hecht Partners, LLP (Hecht) to produce documents, unanimously affirmed, without costs. Appeal by respondents Richard Meli and Joseph Meli from aforesaid order, unanimously dismissed, without costs, for lack of standing.
The court providently exercised its discretion in compelling production of communications involving Richard Meli and the entries identified on the "Entries Not Legal Advice" privilege log. Hecht argues that Richard was necessary to Joseph's attorney-client relationship with Hecht thus abandoning its prior incorrect argument that a showing of necessity was not required. Indeed, "statements made to the agents or employees of the attorney or client . . . retain their confidential (and therefore, privileged) character, where the presence of such third parties is deemed necessary to enable the attorney-client communication" (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 623-627 [2016]). We decline to substitute our own discretion for that of the motion court based on the new necessity argument that was never presented to the motion court.
The court properly found that no sufficient common legal interest was shown. Hecht's engagement and associated communications in furtherance of effecting transfers of Joseph's assets to irrevocable trusts outside his control did not relate to litigation in which Richard reasonably anticipated he would become a colitigant with Joseph (see e.g. Ambac, 27 NY3d at 627).
We also reject the claim that the court failed to address the work product privilege for most of the entries on the privilege log. By requiring production of the items on the narrowed log "Entries Not Legal Advice," the court based the required production on its finding that those entries pertained to nonlegal tasks (see generally Brooklyn Union Gas Co. v American Home Assur. Co., 23 AD3d 190, 190-191 [1st Dept 2005]).
Finally, Richard and Joseph Meli lack standing to appeal because they were "not aggrieved by the grant of [TGT's] motion to compel discovery, as [they] did not oppose
the motion" (Moore v Federated Dept. Stores, Inc., 94 AD3d 638, 639 [1st Dept 2012], appeal dismissed 19 NY3d 1065 [2012]; see CPLR 5511). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025